IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM M. WATTS,

                              Plaintiff,

    v.                                                    OPINION and ORDER

MARK KIDMAN and BRAZOS URETHANE, INC.,                    18-cv-49-jdp

                              Defendants.

---

WILLIAM M. WATTS,

                              Plaintiff,

    v.                                                    OPINION and ORDER

UNITED STATES OF AMERICA, J. SZETELA,                     19-cv-841-jdp
R. GUPTA, C. RITTER, MELISSA LAUFENBERG,
L. WILLIAMS II, and PAUL HARVEY,

                              Defendants.

---

Pro se plaintiff and prisoner William M. Watts alleges that he was injured after being sprayed in the face with a roof-sealing chemical used by a contractor at the Federal Correctional Institution in Oxford, Wisconsin, where Watts was incarcerated in 2015 and 2016. In 18-cv-49-jdp, Watts filed claims against prison staff, a privately employed optometrist, and a construction company. In a previous order, I dismissed Watts's claims against the government defendants for various reasons, including that he had failed to exhaust his negligence claims under the Federal Tort Claims Act (FTCA). Dkt. 61, in 18-cv-49-jdp. Now Watts has filed a new case, 19-cv-841-jdp, stating that he has exhausted his FTCA claims and wants to revive his claims against the government defendants. His complaint in that case is before the court for screening under 28 U.S.C. § 1915A. He has also filed a motion to consolidate these two

cases and a motion for court assistance in recruiting counsel. Dkt 82 and Dkt. 83 in 18-cv-49-jdp; Dkt. 4 and Dkt. 5 in 19-cv-841-jdp.

For the reasons below, Watts may proceed in 19-cv-841-jdp with claims under the Federal Tort Claims Act based on alleged negligent actions by Szetela, Gupta, Ritter, Harvey, and Laufenberg, but he may not proceed on any other claims. As for Watts's other motions, I will deny his request to consolidate the cases, and I will also deny Watts's request for court assistance in recruiting counsel.

## ANALYSIS

### A. Complaint in 19-cv-841-jdp

#### 1. Allegations of fact

Watts's allegations in his new complaint are nearly identical to those in the complaint he filed in 18-cv-49-jdp. He alleges that in September 2015, while he was outside at FCI-Oxford, employees of Brazos Urethane sprayed him in the face with a roofing chemical. The next day, Watts was seen by defendant Dr. R. Gupta, who said that he did not see any surface burns or scarring on Watts's eyes. Watts sent a message to defendant J. Szetela, the safety specialist at FCI-Oxford, who was responsible for ensuring that proper safety measures were taken for projects at the prison. Szetela did not respond immediately to Watts's request, but she later told Watts that the roof sealing chemical was not hazardous.

Watts started suffering from headaches and eye aches. Defendant Ritter, a physician's assistant, suggested that he keep a headache log. At one point, she thought that high blood pressure was causing the headaches, but she ruled that out after she recorded a high blood pressure reading while Watts did not have a headache.

In May 2016, Watts met with an optometrist, Mark Kidman, who is a defendant in 18-cv-49-jdp. Kidman said that Watts had enlarged optic nerves, which is a symptom of early-onset glaucoma. Watts asked to meet with an eye specialist, but Kidman did not refer him, and instead scheduled him for a follow-up appointment for August 2016. Gupta and Ritter agreed with Kidman's assessment. Several days later, Watts told staff that he had ongoing discomfort after being sprayed with the roofing chemical. Defendant health administrator Melissa Laufenberg responded, but did not provide Watts any help.

In June 2016, Watts contacted health staff about obtaining tinted eyeglass lenses, because he was experiencing sensitivity to light. Laufenberg denied that request, saying that he needed to "have a diagnosis from an optometrist" to receive tinted lenses. Watts asked for an expedited appointment with an optometrist, but Laufenberg did nothing to help him.

Watts saw an optometrist (who I assume to be Kidman) in October 2016. He was again diagnosed with having enlarged optic nerves. Watts asked Laufenberg to see an outside eye specialist, but she did not respond. In November 2016, Laufenberg responded to Watts's complaints from July, stating that his concerns were forwarded to the optometrist. But Watts did not receive an outside appointment. In March 2017, he asked Laufenberg about that request, and she told him that nothing was scheduled. Later that month she told him that he could get sunglasses from the commissary, which Watts believes contradicts what she previously told him about needing a prescription for tinted lenses.

In May 2017, Watts met again with Kidman. Despite having his highest eye pressure yet, Kidman did not refer him to an outside specialist. Kidman instead set him for follow-up in six months. Defendant Dr. Paul Harvey, a prison doctor, reviewed Kidman's decision and agreed with his assessment.

Watts filed an inmate grievance, at which point he was given an appointment with defendant Robert King, a BOP doctor, who reconsidered the possibility that high blood pressure was causing the problem. Defendant Laufenberg denied Watts's grievance, and defendant Louis Williams II affirmed the denial.

On October 4, 2017, Watts met with Kidman, who noted that Watts was suffering vision loss. He recommended an outside consultation. An outside ophthalmologist diagnosed him with glaucoma and prescribed medication. Watts's eye pressure has improved since starting medication.

## 2. Screening under 28 U.S.C. § 1915A

Watts seeks to bring claims for violations of his Eighth Amendment rights under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He also seeks to bring negligence claims under the FTCA.

Watts's may not proceed with Eighth Amendment claims for reasons I explained in the June 25, 2019 order in 18-cv-49-jdp. Dkt. 61. Watts cannot proceed with constitutional claims against defendants Laufenberg, Ritter, and Harvey, because such claims are barred by 42 U.S.C. § 233(a). These defendants were acting within the scope of their duties as commissioned officers of the United States Public Health Service when they took the actions about which Watts complains, making them immune under § 233(a) from actions under *Bivens*. Dkt. 61, at 5. Watts cannot proceed with Eighth Amendment claims against defendant Szetela, Williams, or Gupta, because his allegations do not suggest that these defendants acted with deliberate indifference to a risk of serious harm to Watts. *Id.* at 6–11. The allegations about Szetela, Williams, and Gupta in Watts's new complaint are identical to those in the 18-cv-49-jdp case. Therefore, Watts cannot proceed on any Eighth Amendment claim in 19-cv-841-jdp.

Watts may proceed with negligence claims under the FTCA based on the allegations that defendants Gupta, Ritter, Laufenberg, and Harvey misdiagnosed his injuries and failed to provide him proper medical care and treatment for his eye problems. He may also proceed with a negligence claim based on the allegation that defendant Szetela failed to ensure that the roofing contractor use safe practices and protect prisoners from the chemical spray. But Watts may not proceed with any negligence claim based on actions of Williams, the warden. As Watts has alleged the facts, Williams reasonably relied on reports from medical providers regarding Watts's medical treatment. *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (non-medical defendants can rely on the expertise of medical personnel). Finally, because the only proper defendant in a FTCA claim is the United States, I will dismiss the individual defendants from this case.

## B. Request for court assistance in recruiting counsel

Watts has renewed his request for court assistance in recruiting counsel to represent him in both 18-cv-49-jdp and 19-cv-841-jdp. He has shown that he is indigent and that he has made reasonable efforts to recruit counsel on his own. But as I explained previously, I must determine whether the legal and factual difficulty of the case exceeds Watts's demonstrated ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007).

I am not persuaded that this case exceeds Watts's ability to litigate it. Watts does not make any new arguments that he did not raise in his previous two motions requesting court assistance in recruiting counsel. Watts says that the prison law library has only limited resources and that he cannot compete against defendants' counsel, but these are the same challenges that all pro se litigants face. Watts does not identify any specific difficulties he has faced in litigating this case. Watts does not allege that he is confused about the legal standards

or that he has difficulty reading, writing, or understanding the documents he has received from defendants or the court. And Watts's submissions so far show that he is intelligent, understands the law, and is capable of explaining his version of events and making legal arguments. Accordingly, I will deny Watts's motion for assistance in recruiting counsel.

## C. Motion to consolidate

Watts requests that 18-cv-49-jdp and 19-cv-841-jdp be consolidated for future proceedings. I will deny the motion. Watts's new case has not yet been served on defendants, whereas Watts's original case against defendants Brazos Urethane and Mark Kidman has been proceeding for several months, with dispositive motions due in May. Consolidation at this stage would require a new schedule to be set for both cases and would delay resolution of the first case significantly. Therefore, I decline to consolidate these cases.

## ORDER

IT IS ORDERED that:

1. In 19-cv-841-jdp, plaintiff William M. Watts is GRANTED leave to proceed against the United States on negligence claims under the Federal Tort Claims Act based on Gupta's, Ritter's, Laufenberg's, and Harvey's misdiagnosing his injuries and failing to provide him proper medical care and treatment for his eye problems. He may also proceed with a negligence claim based on Szetela's failure to ensure that the roofing contractor engage in safe practices and protect prisoners from the chemical spray.

2. Watts is DENIED leave to proceed on any other claim. Defendants Szetela, Gupta, Ritter, Laufenberg, Harvey, and Williams are DISMISSED from this case.

3. Plaintiff's motions for assistance in recruiting counsel, Dkt. 83 in 18-cv-49-jdp; Dkt. 5 in 19-cv-841-jdp, are DENIED.

4. Plaintiff's motions to consolidate, Dkt. 82 in 18-cv-49-jdp; Dkt. 4 in 19-cv-841-jdp, are DENIED.

5. The clerk of court is directed to forward the complaint, summons, and marshal service forms to the United States Marshal for service on defendant.

6. For the time being, plaintiff must send defendant a copy of every paper or document that he files with the court. Once plaintiff learns the name of the lawyer or lawyers who will be representing defendant, he should serve the lawyer directly rather than defendant. The court will disregard documents plaintiff submits that do not show on the court's copy that he has sent a copy to defendant or to defendant's attorney.

7. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8. If plaintiff is transferred or released while this case is pending, it is plaintiff's obligation to inform the court of his new address. If he fails to do this and defendant or the court are unable to locate him, his claims may be dismissed for his failure to prosecute them.

Entered March 6, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge