IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM M. WATTS,

                Plaintiff,

v.

MARK KIDMAN and BRAZOS URETHANE, INC.,

                Defendants.

ORDER

18-cv-49-jdp

---

In a previous order, I granted the motions for summary judgment filed by defendants Dr. Mark Kidman and Brazos Urethane, Inc. on plaintiff William Watts's claims that defendants' negligence caused him to be sprayed in the face with a roof-priming chemical and suffer serious eye injury. Dkt. 129. Before the court is Watts's motion under Rule 59 of the Federal Rules of Civil Procedure to alter or amend that decision. Dkt. 131. Watts argues that a reasonable jury could conclude that Brazos Urethane failed to conduct its roofing work safely and that Kidman failed to exercise the standard of care that an average optometrist would have exercised when treating Watts.

A Rule 59(e) motion is successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. *Cincinnati Life Insurance Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013). Watts's argument does not fit into either category. Instead, he raises the same arguments and evidence that I considered and rejected in granting defendants' motions for summary judgment. As I explained previously, the undisputed evidence did not support a conclusion that Brazos Urethane's or Kidman's actions fell below the standard of care and injured Watts. The only way that Watts could have overcome the evidence presented by

defendants would have been to introduce expert testimony in support of his claim. And as I explained previously, the excerpts from *Johns Hopkins Family Health Book*, Wisconsin statutes, and the material safety data sheet for GreenBlock Prime 100 cannot substitute for expert evidence.

Because Watts has identified no errors of law or fact and no newly discovered evidence, I will deny his motion.

ORDER

IT IS ORDERED that plaintiff William M. Watts's motion for reconsideration, Dkt. 131, is DENIED.

Entered December 9, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge